IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. FINKELSTEIN, M.D., | No. C 07-01130 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, et al., | |
| Defendant. | |

This is an action brought by Plaintiff Dr. David Finkelstein ("Finkelstein") to obtain disability benefits under a policy issued by Defendant Guardian Life Insurance ("Guardian"). Guardian has filed a motion to dismiss, arguing that Finkelstein is not authorized by the Employee Retirement Income Security Act ("ERISA") to sue Guardian for equitable relief and under a theory of breach of fiduciary duty, but rather is limited to seeking damages for Guardian's alleged failure to pay benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). In addition, Guardian argues that in the event its motion is denied, the Court must dismiss Finkelstein's claim for damages under § 1132(a)(1)(B) because Guardian is not a proper party.

For the reasons set forth below, Guardian's motion to dismiss is GRANTED without prejudice as to Finkelstein's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). The motion is DENIED as to Finkelstein's claim for equitable relief under 29 U.S.C. § 1132(a)(3). Moreover, the Court declines Guardian's invitation to dismiss Finkelstein's

claim for damages under 29 U.S.C. § 1132(a)(1)(B). The hearing on Guardian's motion to dismiss scheduled for December 7, 2007 is VACATED.

## BACKGROUND

The parties are familiar with the factual background, which is set forth in this Court's remand order dated May 8, 2007.

More pertinent for purposes of Guardian's motion to dismiss are procedural developments that have occurred since that time. After the Court denied Finkelstein's motion to remand, the plaintiff filed an amended complaint. Whereas the original complaint set forth six causes of action based on state law, Finkelstein's amended complaint retains three state law causes of action – negligent performance of professional services, negligent misrepresentation, and tort of another – but also includes three causes of action based on ERISA's civil enforcement provision, 29 U.S.C. § 1132: (1) recovery of employee benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty pursuant to 29 U.S.C. §§ 1104(a)(1), 1109, 1132(a)(2), and 1132(a)(3); and (3) equitable relief pursuant to 29 U.S.C. § 1132(a)(3). Guardian has now moved to dismiss the claims for breach of fiduciary duty and for equitable relief because Finkelstein can obtain adequate relief under § 1132(a)(1)(B) and because he seeks relief on his own behalf and on behalf of other beneficiaries, rather than on behalf of the plan directly.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. See Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n, 298 F.3d 768, 772 (9th Cir. 2002). The issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. Thus, the Court may not grant defendants' motion to dismiss without leave to amend "unless it appears beyond doubt

2

that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

ERISA's civil enforcement statute sets forth ten remedial provisions, three of which are at issue in this case. First, ERISA empowers participants and beneficiaries to bring a civil action "to recover benefits due [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This provision focuses on the wrongful denial of benefits and information, see Varity Corp. v. Howe, 516 U.S. 489, 512 (1996), and serves as the basis of plaintiff's first cause of action.

Second, ERISA empowers participants, beneficiaries or fiduciaries to bring a civil action "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). In turn, § 1109 establishes liability for breaches of fiduciary duty. The statute provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Section 1132(a)(2) thus focuses upon fiduciary obligations related to the plan's financial integrity, Varity Corp., 516 U.S. at 512, and serves as the basis of plaintiff's second cause of action.

Third, ERISA empowers participants, beneficiaries or fiduciaries to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). This provision, which is broader than either § 1132(a)(1)(B) or § 1132(a)(2), creates a "catchall," which "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." Varity Corp., 516 U.S. at 512. Section 1132(a)(3) also serves as the basis for plaintiff's

3

second cause of action – for breach of fiduciary duty – as well as for plaintiff's third cause of action – for equitable relief.

The defendant moves to dismiss the plaintiff's second and third causes of action – based on 29 U.S.C. §§ 1132(a)(2), (a)(3) – and has not formally moved to dismiss the first cause of action for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). However, the gist of defendant's argument is that the cause of action under § 1132(a)(3) is inappropriate because the plaintiff can recover "adequate" relief under § 1132(a)(1)(B). Therefore, to properly analyze the defendant's motion, the Court must first ensure that the plaintiff can recover adequate relief under § 1132(a)(1)(B).

### A. Section 1132(a)(1)(B): Recovery of Employee Benefits

Section 1132(a)(1)(B) permits a plan participant or beneficiary to recover benefits wrongfully denied either from "the Plan as an entity," Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir. 1985), from the "plan administrator," Everhart v. Allmerica Financial Life Insurance Co., 275 F.3d 751, 755 (9th Cir. 2001), or from an insurance company that functions as the plan administrator, id.

While "willing to agree that the [1132](a)(1)(B) benefit recovery cause of action may be brought against it, if the breach of fiduciary duty and equitable relief claims are dismissed," Motion to Dismiss at 9 (hereinafter "Motion"), Guardian argues that relief under this provision should be denied unless its motion to dismiss is granted because it is neither the plan nor the plan administrator, but merely the plan insurer.

It does appear that Guardian is not itself the plan. ERISA defines "plan" to mean "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3). The insurance policy at issue defined "plan" to mean "the Guardian group long term disability income insurance plan the employer bought." Kojima Decl. Exh. A at 23 (hereinafter "Policy"). Ostensibly, Finkelstein should have sued The Guardian Life Insurance Company of America Group Insurance Policy No. G-616527, rather than The

4

Guardian Life Insurance Company of America. Thus, if Finkelstein intends to sue the plan itself, he had better amend his complaint accordingly.

Nevertheless, dismissing Finkelstein's claim for damages at this point would be premature because there is at least a triable issue whether Guardian functioned as the plan administrator. The Ninth Circuit has made clear that an insurer may be held liable for unlawfully denying a claim even if the insurer is neither the plan itself nor the plan administrator named in plan documents if the insurer <u>functioned</u> as the plan administrator. <u>See</u> <u>Everhart</u>, 275 F.3d at 755-56 (citing <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467 (9th Cir. 1997)). To hold Guardian liable, Finkelstein would be required to prove more than that Guardian exercised exclusive discretion over the claims process. <u>See</u> <u>Ford v. MCI Comm'ns Corp. Health & Welfare Plan</u>, 399 F.3d 1076, 1082 (9th Cir. 2005). However, this case may present circumstances sufficient to permit a finding that Guardian functioned as the plan administrator. After all, Guardian's argument that Finkelstein functioned as the plan administrator – because he was the employer who purchased the relevant insurance policy, <u>see</u> 29 U.S.C. § 1002(16) – appears, at first blush anyway, a bit absurd in light of the fact that it is Finkelstein who now complains of the allegedly unlawful denial of benefits.

Because there is a triable issue whether Guardian functioned as the plan administrator, it would be inappropriate to dismiss Finkelstein's claim for relief based on § 1132(a)(1)(B). Accordingly, the Court denies Guardian's request in the alternative to dismiss Finkelstein's claim for damages.

B. Section 1132(a)(3): Catchall Provision

Because § 1132(a)(3) is a catch-all provision, it offers equitable relief only where other subsections of § 1132 do not provide an "adequate" remedy. <u>See</u> 516 U.S. at 512, 515. Thus, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" <u>Id.</u> at 515.

Guardian argues that since Finkelstein's alleged injury would be adequately remedied by damages under § 1132(a)(1)(B), Finkelstein cannot proceed under § 1132(a)(3) because

5

1 equitable relief would be inappropriate.  In response, Finkelstein argues that he seeks more
2 than merely damages for his improperly handled claim; he also seeks equitable relief to
3 prevent Guardian from continuing to handle claims under improper procedures.  See
4 Opposition at 5.  According to Finkelstein, damages would not "adequately" address his
5 systematic concerns about Guardian's method for handling claims.

6 Two Ninth Circuit decisions that followed Varity confirmed that a district court may
7 dismiss, at the summary judgment stage, claims based on § 1132(a)(3) where the plaintiff
8 also seeks relief under § 1132(a)(1)(B).  See Forsyth, 114 F.3d at 1467; Ford, 399 F.3d at
9 1083.  However, a court within this district recently denied a motion to dismiss a claim based
10 on § 1132(a)(3), refusing to "read Forsyth or Ford to stand for the broad proposition that a
11 Plaintiff may not seek relief under § 1132(a)(3) merely because he or she has also pleaded a
12 claim under § 1132(a)(1) (B), § 1132(a)(2) and/or other ERISA remedial sections."  Ehrman
13 v. Standard Ins. Co., 2007 WL 1288465, *4 (N.D. Cal. 2007).  According to Ehrman, a
14 plaintiff may proceed on both a wrongful denial and equitable relief theory if the plaintiff
15 "allege[s] wrongful conduct that, although not affecting all plan participants, does go beyond
16 the mere wrongful calculation of benefits."  Id.  Because the plaintiff in Ehrman alleged
17 "some form of self-dealing through the intentional adoption of biased claim practice and
18 procedures relating to offsets which are systematically designed to increase the financial
19 profitability of the Defendant" – an allegation that could not be remedied by damages – the
20 court denied the defendant's motion to dismiss.[1]

---

[1] Ehrman is somewhat contradicted by the Fourth Circuit's opinion in Korotynska v. Metropolitan Life Insurance Co., 474 F.3d 101 (4th Cir. 2006).  In Korotynska, the court affirmed a judgment on the pleadings, concluding that even though the plaintiff pled a cause of action under § 1132(a)(3), "her whole purpose in seeking . . . relief is to enable her to recover the benefits to which she is entitled."  Id. at 105.  According to the court, "[t]he fact that the plaintiff has not brought an § 1132(a)(1)(B) claim does not change the fact that benefits are what she ultimately seeks, and that redress is available to her under § 1132(a)(1)(B)."  Id. at 106.  In the Court's opinion, Ehrman presents a more prudent approach than Korotynska.  Korotynska is based on the implicit conclusion that the court may look beyond the pleadings at this early stage.  The better approach, at this stage in the litigation at least, is to accept Finkelstein's allegation that Guardian systematically denies benefits to increase profits as true, regardless of whether the Court believes that what Finkelstein truly seeks is compensation for the denial of his own benefits, rather than a remedy for systematic ERISA violations.

6

Just so here, Finkelstein has set forth allegations that go above and beyond the mere denial of benefits. For example, plaintiff alleges that Guardian systematically denies legitimate claims in an attempt to boost profits, see FAC ¶ 42(G), unreasonably fails to investigate the basis of their denials of claims, id. ¶ 42(H), and has unreasonably failed to adopt, implement and apply reasonable or proper standards for investigating and processing claims, id. ¶ 42(K). As in Ehrman, "it may turn out to be the case, even if Plaintiff ultimately proves a breach of fiduciary duty, that this Court concludes it is not appropriate to provide equitable relief beyond that provided for in § 1132(a)(1)(B) under the carefully integrated civil enforcement provisions that Congress enacted in ERISA." 2007 WL 1288465 at *5. That determination, however, must be saved for a later stage in the proceedings.

C. Section 1132(a)(2): Fiduciary Obligations Related to Plan's Financial Integrity

Section 1132(a)(2) is designed to empower beneficiaries to bring actions against plan fiduciaries, but only to the extent that they "do so for the benefit of the plan and not their individual benefit." Cinelli v. Sec. Pac. Corp., 61 F.3d 1437, 1445 (9th Cir. 1995) (dismissing § 1132(a)(2) breach of fiduciary duty action where claim was "for benefits for [Plaintiff] and other individuals similarly situated, not for injury to the Plan"); see also Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142, 148 (1985).

As the Supreme Court explained in Russell, Congress was "primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." 473 U.S. at 142. Because mistakes in handling one claim under a plan "do[es] not jeopardize the entire plan or put at risk plan assets," "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA." Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock, 861 F.2d 1406, 1414 (9th Cir. 1988). Accordingly, where the plaintiff merely alleges that the defendant committed wrongful acts that concern the underpayment of benefits to individual participants – conduct that affects, at best, only a subset of plan participants – the plaintiff may not be allowed to proceed under § 1132(a)(2). See Ehrman, 2007 WL 1288465 at *2.

7

Here, plaintiff has not adequately pled a claim for relief under § 1132(a)(2). The problem is not that Finkelstein proceeds as an individual. "Individual beneficiaries may bring fiduciary actions against the plan fiduciaries." Cinelli, 61 F.3d at 1445. The problem is that plaintiff seeks remedies for himself and similarly situated beneficiaries, "rather than for the benefit of the Plan as a whole." Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1418 (9th Cir. 1991). In essence, Finkelstein alleges that Guardian unreasonably denied his and similar claims. See FAC ¶ 42(C). This and Finkelstein's related claims allege wrongful conduct that, at best, only affected a subset of plan participants. Therefore, the motion to dismiss as to Finkelstein's claim for relief under § 1132(a)(2) is GRANTED.

## CONCLUSION

The Court GRANTS without prejudice defendant's motion to dismiss as to plaintiff's claim for relief pursuant to 29 U.S.C. § 1132(a)(2) because the plaintiff seeks remedies for himself and similarly situated beneficiaries, rather than for the Plan as a whole. The Court DENIES defendant's motion to dismiss as to plaintiff's claim for relief pursuant to 29 U.S.C. § 1132(a)(3) because plaintiff has alleged wrongful conduct that would not be adequately remedied by damages. The Court declines to entertain the defendant's argument that it is an improper party under 29 U.S.C. § 1132(a)(1)(B) at this stage of the proceeding because there is a triable issue whether Guardian functioned as the plan administrator.

**IT IS SO ORDERED.**

Dated: December 5, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE