UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. FINKELSTEIN, M.D., ) <br> ) <br>        Plaintiff(s),   ) <br> ) <br>    v.               ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA, et al., ) <br> ) <br>        Defendant(s).   ) <br> ) <br> _____) | No. C07-1130 CRB (BZ) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

    Before the court is plaintiff's motion to compel defendant to provide further responses discovery to his third set of interrogatories and third set of requests for production of documents.

    Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Plaintiff is seeking discovery outside the administrative record. The discovery requests at issue involve the alleged existence of defendant's conflict of interest in administering plaintiff's claim. The Ninth Circuit has noted that "an insurer that acts both as the plan

1

administrator and the funding source for the plan operates under what may be termed a structural conflict of interest." <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 965 (9th Cir.2006).  The court may consider extrinsic evidence reflecting an alleged conflict of interest when determining whether a plan administrator abused its discretion in denying a claim for disability under ERISA.  <u>Id.</u> at 968 - 70.  "The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." <u>Id.</u>  Thus, a plaintiff in an ERISA action may conduct limited conflict of interest discovery.  <u>Groom v. Standard Ins. Co.</u>, 492 F.Supp.2d 1202, 1206 (C.D. Cal. 2007).

It is therefore **ORDERED** that plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part as follows:

1. **GRANTED** as to Interrogatory No. 27.  The court is not persuaded by defendant's relevance and burden arguments since only 27 claims are at issue.  Defendant also has the option of producing the 27 reports with private information abstracted.  The response shall be produced pursuant to the parties' protective order.

2. **GRANTED** in part as to Interrogatories No. 28 and 29.  As the court noted during the telephone discovery conference, plaintiff's requests are overbroad with regards to the time period requested.  Defendant shall answer the interrogatories

for the twelve (12) month period preceding the denial of plaintiff's claim.  Defendant shall answer Interrogatory No. 29 by stating whether the claim was denied based on: (1) lack of proof of loss, which includes late submissions; (2) ineligibility, which includes lack of income loss and lack of coverage; and (3) failure to meet the own occupation definition of disability definition plans.

    3.  **GRANTED** as to Request for Production No. 46.  As drafted Request No. 46 is overbroad, asking for every document that pertains to any financial compensation received by any of the defendant's adjustors.  However, plaintiff narrowed this request during a meet and confer session to seek only a document, which defendant concedes exist, which sets forth a financial incentive or bonus plan that applies to defendant's adjustors.  As so narrowed, the request is not overbroad.  Whether defendant gives its adjustors a financial incentive to deny claims is relevant in that it may lead to the discovery of admissible evidence on the conflict issue.  Defendant's suggestion that it be permitted to summarize the document is **DENIED.**  Any portions of the document that apply only to people other than adjustors of the sort that worked on plaintiff's claim, may be abstracted.

    4.  **DENIED** as to Request for Production No. 52, which is overbroad. Request for Production No. 52 demands "[e]ach and every DOCUMENT, that refers, relates or pertains to the business relationship" between defendant and MES Solutions. During the telephone discovery conference with the parties at which I gave plaintiff leave to file the instant motion, I

warned plaintiff's counsel that many of plaintiff's requests were overbroad and admonished them, during the meet and confer session, to narrow their scope and identify the specific documents plaintiff requires to prosecute his action. Nevertheless, plaintiff's motion still seeks an order compelling production of the overbroad request.  While this request includes documents that might be discoverable, such as documents that reflect how MES is compensated in light of my admonitions, I will not rewrite plaintiff's overbroad discovery request.  "Rule 26 does not require the Court to rewrite discovery requests for the parties."  <u>Robin Singh Educ. Serv.s, Inc. v. Excel Test Prep</u>, 2004 WL 2554454, *1 (N.D. Cal. Nov. 9, 2004).  Furthermore, plaintiff already has or will get other more directly relevant information on the subject of a potential conflict of interest.

    5.  **DENIED** as to Requests for Production No. 54 and 56. Again, the requests are overbroad seeking "each and every" document that would reflect the number times defendant used MES Solutions and the number of times MES Solutions' medical professionals opined that a claimant was not disabled. Defendant has acknowledged that it only used MES Solutions 27 times, so requiring defendant to provide all documents that would reflect the number of times it used MES Solutions is unnecessary.  Defendant's response to Interrogatory No. 27 will provide adequate information regarding the number of times MES Solutions recommended that defendant deny a claim.

///

///

1 | Defendant is **ORDERED** to provide amended responses, as set
2 | forth above, by no later than **May 27, 2008**.
3 | Dated: May 14, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\FINKELSTEIN V. THE GUARDIAN LIFE INS\ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL.wpd

5